The next case this morning is 5-23-0312, People v. Brewer. Arguing for the appellant is Lucas Silvinsky. Arguing for the applee is Jessica Theoratos. Each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note only the clerk of the court is permitted to record these proceedings today. Good morning, counsel. Good morning. Mr. Silvinsky, did I get that close? Yeah, close enough.  You're arguing on behalf of the defendant, Mr. Brewer? That is correct. All right. You may proceed when you're ready. Thank you. Good morning, your honors, counsel, and may it please the court. My name is Lucas Silvinsky from the office of the state appellate defender on behalf of Mr. Albert Brewer. Your honors, I'll be focusing our attention today on the first issue raised in our brief, whether the sentencing court erred in relying on dismissed charges in aggravation at Mr. Brewer's sentencing hearing. However, I'll be happy to answer any questions regarding our second issue as well. Now, this court must only answer two questions today. The first is whether the sentencing court erred when it relied on dismissed charges in aggravation. And the second is whether the improper reliance on these dismissed charges was more than a mere isolated reference. And the answer to both of these questions is yes. Now, Mr. Brewer originally pled guilty to driving with a revoked license and aggravated domestic battery, and the state filed to revoke his probation because of technical violations alone, his failure to appear in court, and his failure to attend home visits. And the state then dismissed two pending charges of domestic battery and home invasion that he allegedly committed while on probation. However, at the sentencing hearing, the state asked and the court did take judicial notice of these two dismissed charges. And ultimately, Mr. Brewer was sentenced to the maximum of three years of driving with a revoked license and six years, one less than the maximum, for aggravated domestic battery. Now, as to the first question, the sentencing court's reliance on these two dismissed charges was improper because the state didn't put any witness on the stand to testify, and Mr. Brewer had no opportunity to cross-examine anybody relating to these dismissed charges. Now, evidentiary standards at a sentencing hearing are relaxed. However, defendants are still entitled to certain constitutional protections. And importantly, a sentencing court can rely on dismissed charges in aggravation. However, the state must put on a live witness on the stand to testify, and the defendant must have the opportunity to cross-examine that witness. Here, Mr. Brewer was afforded no such opportunity. The state did not put anybody on the witness stand to testify about the conduct. No police officer, no complainant, no witness with any knowledge whatsoever. And because of this, Mr. Brewer had no meaningful opportunity whatsoever to rebut the allegations or challenge the accuracy of these sworn affidavits of these dismissed charges. And for this reason, the sentencing court erred when it relied on these dismissed charges in aggravation. Now, as to the second question, the sentencing court's reliance on these two dismissed charges was far more than a mere isolated reference. Now, defendant's sentence cannot stand when it is based in part on an improper factor in aggravation, unless it can be shown that reliance on that improper factor in aggravation was no more than a mere isolated reference and did not result in a greater sentence than would otherwise have been imposed. That is not the case here because of the state's comments in aggravation, the sentencing court's discussion in its analysis of the dismissed charges, and the ultimate sentence imposed on Mr. Brewer. Now, in aggravation. What comments of the court in People v. Varghese, V-A-R-G-H-E-S-E, it says that the reviewing court must be strongly persuaded that the sentencing imposed was in fact imposed as a penalty for the conduct, which was the basis for revocation and not the original offense. What comments do you point to that the court used in order to meet that very heavy burden? Well, Your Honor, as an initial matter, People v. Varghese dealt with a different standard. So People v. Varghese dealt with the standard of when a court commingles conduct rather than relies on an improper factor. And that goes to our second issue rather than our first. And as to the comments the court made in its sentencing, it stated explicitly that it was going to consider both his criminal history and his conduct while on probation. The only conduct the court heard evidence of in aggravation for his conduct on probation were these two dismissed charges. And then the court also went into detail when describing that conduct, saying that Mr. Brewer had, while on probation, punched C.W., who is the underlying complainant, six times and grabbed her arm, causing bruising, and that this was done in front of a child and that the court was going to consider this as well as his criminal history when determining his ultimate sentence. So, I mean, these are the two improper factors that we're talking about in this case, and the court's reliance on them was improper because no live witness testified. Now, we don't need to meet that burden that we argued in the second prong that People v. Varghese relied on, because the court there didn't rely on an improper factor. The court instead relied too much on the conduct while on probation. Now, we still believe that the court's discussion of the dismissed charges amounted to improper commingling, but the standard in the first argument that we bring up is much less, and the court, we also believe that the court definitely meets that standard as well. Now, those were the court's comments in this case, showing that it explicitly considered the dismissed charges, and then the state's arguments in aggravation also show that it relied heavily on these two dismissed charges to impose the ultimate sentence. Now, the state said that while Mr. Brewer was on probation, he had a chance. However, instead, he committed two new offenses against CW, the domestic battery and home invasion, that these offenses were done in front of a child, that it's a very provable case, and these dismissed charges specifically show that Mr. Brewer is a danger to the public and to CW, and he must be incarcerated. Now, the state presented no other aggravating evidence other than his criminal history in this case, and ultimately, the sentencing court, after discussing the specifics of those two charges, ultimately sentenced him to three years, which is the maximum for driving with a revoked license, and six years, which is one less than the maximum for aggravated domestic battery. And because of the state's comments, the court's analysis, and the ultimate sentence, the court's reliance on these improper factors, which is the dismissed charges, cannot be shown to be an isolated reference, and it cannot be shown that it did not lead to a greater sentence than if they did not consider them. Now, Mr. Brewer's case is also not an isolated occurrence. In fact, this very court decided this issue in Peeble v. Weller in February of this year. Now, in that case, this court stated that a sentencing court's reliance on four pending charges against the defendant in sentencing was improper because the state did not put any witness on the stand, and the defendant had no opportunity to cross-examine anybody about those pending charges. Now, the court also said that the state's comments throughout its analysis in sentencing that defendant also showed that it was not an isolated reference and required a revamp. Now, Peeble v. Weller is not published. However, its reasoning and conclusion are correct, and we ask this court to adopt that reasoning as it is directly on point to Mr. Brewer's case. Is that argued in your brief? Your Honor, that's argued in the reply brief as it came out after the opening brief was filed, and it has been attached as an appendix to that. So, proper notice was given regarding that. So, I mean, in conclusion, Your Honors, we have the state's sentencing court's reliance on these improper factors and aggravation, which is the dismissed charges, was improper, specifically because no witness was put on the stand, and Mr. Brewer had no opportunity to cross-examine anybody, and the sentencing court's reliance on these improper factors was far more than Amir Ahmed's sentencing court's reliance on these improper factors. And so, we are arguing that Mr. Brewer's case is not an isolated reference because of the state's specific comments and aggravation, the court's extensive discussion in its sentencing, and the ultimate sentence imposed. And if there are no further questions, we simply ask this court to vacate his sentences and remand for a new sentencing hearing. And I'll yield the remainder of my time if there are no further questions. Thank you. You keep talking about Issue 1 and Issue 2. Issue 1 is the consideration of the affidavits, right? And you're saying that the court couldn't even consider that affidavit at all because no live witness was called? Exactly, Your Honor. The court was improper for the court to rely on them at all because no live witness was presented. Now, if a live witness was presented and Mr. Brewer had an opportunity, then the court could have appropriately relied on those affidavits. Doesn't the Varghese case say that you can't admit hearsay evidence like affidavits, but it goes to the weight to be given? Your Honor, People v. Varghese, I mean, that case, a live witness was presented, which was the officer, or the, I believe it was the mother, who told the police about this conduct and did her own investigation. So she actually took the stand. And the issue in that case was the court relying too heavily on her testimony about conduct that he wasn't charged with. Well, Your Honor, I see my time has expired. Do you mind if I just briefly answer this? Yes, go ahead and answer, please. Thank you, Your Honor. So in Varghese, a live witness was presenting testimony and was cross-examined. The issue was that the court relied too heavily on that and punished him for that conduct rather than the underlying effects. So that's the key difference with Varghese. And if there are no further questions, we ask this court to vacate Mr. Brewer's sentence and remand for a new sentencing hearing. Thank you. Okay. And you will have some time after Ms. Theodoratos finishes her argument. Ms. Theodoratos, what do you have to say on behalf of the state? Thank you, Your Honor. May it please the court. Good morning. First, the trial court did not err when it sentenced defendant and considered the sworn statements of drop charges that defendant incurred while on probation and conditional discharge. At sentencing, the trial court is allowed to consider hearsay evidence because the trial court should be in possession of the fullest information available concerning the defendant's life in order to fashion the appropriate sentence. It is within the sentencing court's discretion to determine whether hearsay evidence is relevant and reliable. And the fact that evidence is hearsay affects its weight. Proof of prior misconduct not resulting in prosecution or conviction is admissible as relevant to the question of defendant's character. The evidence of prior misconduct merely has to be relevant and reliable, and it is for the trial court to decide in its discretion whether the evidence meets that standard. Here, the hearsay statements were admissible at sentencing because they were relevant and  The sworn statements may have been related to misconduct that was dismissed, but they nonetheless were admissible and the trial court could use them as relevant to the question of defendant's character. Specifically, it would go towards defendant's rehabilitative potential and whether probation was appropriate. The record here clearly demonstrates that in sentencing defendant, the trial court considered everything that it was supposed to. The pre-sentence investigation report, the statutory factors and aggravation mitigation, the evidence of the hearing to revoke, defendant's statement and allocution, and the arguments of counsel. The trial court stated that it found defendant was on conditional discharge from felony driving while license revoked and defendant had previously served three years for the offense. The trial court found defendant was given the opportunity for probation and had failed to comply with the terms of his probation. The trial court continued that it also heard of the commission of other acts of violence. The trial court considered the sworn statements that defendant knowingly and voluntarily engaged in criminal or antisocial behavior and stated that probation was not appropriate. The trial court's reasoning clearly demonstrates the defendant was sentenced on the underlying charges and the trial court was only referencing the uncharged conduct as it related to defendant's potential for rehabilitation. But even if it was improper for the trial court to consider the two sworn statements, remand would not be required here because the trial court placed insignificant weight on the reports and properly sentenced defendant on the underlying convictions of driving while license revoked with two priors and aggravated domestic battery. I will briefly address defendant's second issue. Second, the trial court did not improperly punish defendant for his conduct while on  The sentence imposed following a revocation of probation must be for the original offense, but the trial court may take into account the defendant's conduct during probation to assess his rehabilitative potential. As argued previously, in coming to its sentencing decision, the trial court's reasoning clearly demonstrates the defendant was sentenced on the underlying charges and the trial court was only referencing the uncharged conduct as it related to defendant's potential for rehabilitation. The trial court did not... How do we know that? Ms. Theodorakis, how do we know that the court was only considering that for rehabilitative potential? He seemed to state the facts of the case pretty clearly. It seemed to me that he stated, all right, the probation has been revoked. I have sworn statements in front of me that list these things. Here's why I have determined that probation is not appropriate. It seems just to follow the court's reasoning and then coming to a holding would be that the trial court was using the sworn statements to determine whether defendant's character was appropriate for rehabilitation. Do you, in Weller, the defendant says that Weller is dispositive, a Rule 23 case that was attached to their reply brief. Do you have a response to that? Yes, Your Honor. The present case is quite distinguishable from Weller because before the court decided the issues in Weller, the people conceded right away that the pending charges were improperly used in aggravation against defendant. Right away, the people, we didn't even get to argue that issue. The people conceded in that case because at trial, no evidence was provided about the  And the only information the court had was that there were pending charges according to defendant's PSI and the state's argument. And then the trial court explicitly relied on the pending charges in aggravation and referenced them, I think, five times when discussing the aggravated factors. This case, something similar did not happen here where the trial court made passing references to the sworn statements. And the sworn statements provided a lot more information than simply being charges listed in a PSI. And the trial court was using the statements here in the determination of defendant's rehabilitative potential. What do you have to say about the fact that these affidavits were used at all, that they had to call a live witness? I don't believe that a live witness is required. Under the sentencing rules, there's no requirement that a live witness be presented for hearsay testimony. It's up to the trial court to decide whether something is relevant and reliable. And I don't think it was unreasonable for the trial court to rely on sworn statements that were provided. Do you agree with the case law that says that they're admissible, but the fact that a live witness is not called goes to the weight of the affidavit to be given? Absolutely, Your Honor. Yes. Okay. All right. Sorry to interrupt. You may proceed. I think you were at rehabilitative potential. Right. That is the crux of my argument, Your Honor. I'm arguing that the trial court did not merge defendant's uncharged conduct in sentencing him. The trial court simply commented on defendant's noncompliance in probation in sentencing him to indicate that a new sentence for probation would not be appropriate. There's no indication that the trial court based its sentence on the conduct alleged in the sworn statements beyond rehabilitative potential. And when taken as a whole, the record reflects that the trial court clearly sentenced defendant for the underlying convictions. Therefore, the people respectfully request this court affirm defendant's sentence. Are there any questions I may answer at this time? Justice McKinney? Justice Welsh? No questions. Okay. Does that conclude your argument? Yes, Your Honor. Thank you. All right. Thank you so much. Mr. Zulinski? Yes, Your Honor. I just have two quick points on rebuttal. First of all, people versus Weller is not distinguished in this case. The fact that the state conceded in that case doesn't really matter because this court still went into a detailed analysis saying that the dispositive issue about pending charges was the fact that they failed to put on a live witness to testify. That is the dispositive issue for unconvicted criminal conduct. And that's the dispositive issue of the conduct in this case as well. And second, the state relies on relevance and reliability to argue that the dismissed charges should have been admitted, but they conveniently ignore a long line of Illinois case law, both at argument and in their brief holding that, you know, these dismissed charges, uncharged conduct, and hearsay statements of this manner are only appropriate when they're admitted through live testimony. People versus LaPont and people versus Jackson, our Illinois Supreme Court found that unconvicted conduct was appropriately admitted because a live witness was presented and subject to cross-examination. The Fourth District and people versus Stoughton Borough found that a live witness testimony was required to admit uncharged conduct. And, you know, the state's failure to rebut this and failure to address the case law that's directly on point shows that their argument is incorrect. And therefore, this court should vacate Mr. Brewer's sentences and remand this case for a new sentencing hearing because of the court's consideration of these dismissed charges without a live witness to testify. Thank you, Your Honors. I'm a little confused about your argument.  If the court considers this testimony, a live witness, for example, and the live witness testifies exactly as the affidavit and sentences the defendant to the exact same term, then what impact has the live witness given to the court? What's the difference? It's the procedural safeguards of cross-examination. Now, because this is unconvicted conduct, that means there's no due process when using these at the sentencing hearing. But if you have the live witness, that would suffice to that would be sufficient to protect the constitutional safeguards for the defendant because they have the opportunity to rebut the allegations to test the veracity of the witness and the charges themselves. And that's the important thing in this case. It's because, Mr. You're saying that the court could use this uncharged conduct to sentence the defendant? Your Honor, the second issue, Your Honor, the court can consider this conduct. But first, it must initially be presented through live witness testimony. That's the procedural safeguard in place. And if that's done, then we would get to the second issue of commingling the conduct while on probation with the underlying charges. But because no live witness was presented, it's our position that the court was improper, improperly considered it. So the state indicates that the only reason that this conduct can be considered is for rehabilitative potential. But you seem to concede that it could be considered for imposing a greater sentence. Your Honor, it can be considered for rehabilitative potential. That's the reason that the court would be considering the dismissed charges. But the court can't consider it for the rehabilitative potential until a live witness takes the stand. I apologize. I understand that. So let's assume a live witness takes the stand. I'm trying to understand if you concede that it could be used for punishment, for example. No, Your Honor. That's what Peeble v. Varghese stands for, is that the live witness takes the stand. The court cannot consider that conduct to punish the defendant only for rehabilitative potential. That's where the Peeble v. Varghese case comes in, Your Honor. Okay. All right. Any further comments on behalf of the defendant? No, Your Honor. Justice McKinney, any questions?  Justice Welsh? No questions. Okay. Thank you both for your arguments here today. This matter will be taken under advisement, and we will issue an order in due course. Have a great day. Thank you.